IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| CARMICHAEL & DAME DESIGNS, INC. ) <br> PRIME DESIGNS, INC., and ) <br> DESIGN BASICS, L.L.C., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CARHART LUMBER COMPANY; SCOTT ) <br> BRIAN CARHART; BRENDA KUHLMAN ) <br> CARHART; WILLIAM C. CARHART; and ) <br> MICHAEL HERBOLSHEIMER, ) <br> ) <br> Defendants. | CASE NO._____ <br> <br> **JURY DEMANDED** |

## PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT

Carmichael & Dame Designs, Inc. ("CDD"), Prime Designs, Inc. ("PDI"), and Design Basics, LLC ("DB" and collectively "Plaintiffs"), through their attorney, Dana A. LeJune, file this cause of action against the Defendants, Carhart Lumber Company ("Carhart Lumber"), Scott Brian Carhart ("Scott"), Brenda Kuhlman Carhart ("Brenda"), William C. Carhart ("William"), and Michael Herbolsheimer ("Herbolsheimer" and collectively, "Defendants"), and show:

### Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District. Plaintiffs request trial in the Omaha Division.

## Parties

3. CDD is a Texas Corporation engaged in the business of creating, publishing, and licensing architectural plans and designs, with its principal office located in Houston, Texas.

4. PDI is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

5. DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

6. **Carhart Lumber** is a Nebraska corporation that sells home building products, and offers its customers blueprint-drafting services. It made infringing copies of DB's house plans, and may have built one or more infringing structures.

7. **Scott** and **Brenda** are a married couple, are Nebraska citizens, and are principals of Carhart. They will receive actual notice of this suit by service upon them at their home, 1501 Eldorado Road, Norfolk, NE 68701-3012

8. **William** is a Nebraska citizen, and a principal of Carhart. He will receive actual notice of this suit by service upon him at his home, 1005 Grande Ave, North Platte, NE 69101-5266.

9. **Herbolsheimer** is a Nebraska citizen, and a principal of Carhart. He will receive actual notice of this suit by service upon him at his home, 101 West 8th Street, Tilden, NE 68781-4842.

## INTRODUCTORY FACTS

10. Since the early 1980's, DB has been a major publisher of home plan catalogs in which DB, and those of its related entities – including PDI and CDD – are marketed. With the advent of the internet, Plaintiffs have marketed their works through the publishing of designs on DB's website and through marketing partners, and consequently, Plaintiffs' designs have become ubiquitous in the marketplace.

11. DB is the sole original author and owner of a large number of architectural works, including those entitled the "2212 Seville," the "2290 Monterey," the "2638 Linden," "2236 Bermier," "1330 Trenton," the "1032 Monte Vista," the "2818 Orchard," the "2355 Waverly," the "3006 Grayson," the "1767 Rosebury," the "6265A Edinborough," the "8088 Shadow Pines," the "3123 Bethany," the "8046 Laurel Grove," the "2553 Gifford," and the "3102 Aspen."

12. PPI is the sole original author and owner of a large number of architectural works, including those entitled the "29517 Cartwright," the "29518 Prescott," and the "29522 Criswell."

13. CDD is the sole original author and owner of a large number of architectural works, including the one entitled the "9207 Briar Manor."

14. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2212 Seville."

15. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2290 Monterey."

16. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2638 Linden."

17. **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2236 Bermier."

18. **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1330 Trenton."

19. **Exhibit 6** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1032 Monte Vista."

20. **Exhibit 7** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2285 Prairie."

21. **Exhibit 8** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2818 Orchard."

22. **Exhibit 9** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2355 Waverly."

23. **Exhibit 10** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3006 Grayson."

24. **Exhibit 11** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1767 Rosebury."

25. **Exhibit 12** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "6265A Edinborough."

26. **Exhibit 13** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8088 Shadow Pines."

27. **Exhibit 14** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3123 Bethany."

28. **Exhibit 15** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8046 Laurel Grove."

29. **Exhibit 16** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2553 Gifford."

30. **Exhibit 17** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3102 Aspen."

31. **Exhibit 18** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29517 Cartwright."

32. **Exhibit 19** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29518 Prescott."

33. **Exhibit 20** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29522 Criswell."

34. **Exhibit 21** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for CDD's "9207 Briar Manor."

35. On or about February 11, 2014, as part of the discovery for a previously filed lawsuit, Defendants produced to DB voluminous documents consisting of electronically-stored CAD drawings and blueprints, as well as physical documents. Through inspection of these documents, Plaintiffs first became aware that the Defendants had violated their copyrights in the design plans identified in paragraphs 11 – 34, *supra*, in one or more distinct ways.

36. Between calendar years 1993 through 2000, Defendants received thirty-four (34) plan design catalogs from Plaintiffs. Additionally, Defendants actually licensed two of DB's works, the "Medford" and "Adair." (**See Exhibit 22**). However, when Plaintiffs checked their sales records, they found that Defendants had never licensed any of the accused plans. Further, but for PDI's "2915 Cartwright," PDI's "29518 Prescott," PDI's "29522 Criswell," and CDD's "9207 Briar Manor," all of the works infringed by Defendants as set forth in paragraphs 11 – 34, *supra*, are contained within one or more of the publications purchased or otherwise received by the Defendants.

37. In addition to creating derivative copies, Defendants provided infringing copies of Plaintiffs' works identified in paragraphs 11-34, *supra*, to Defendants' building

supply customers for use in the construction of one or more three-dimensional infringing copies (houses).

38. Each house constructed as alleged in paragraphs 11-37, *supra*, constitutes a derivative work infringing Plaintiffs' copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

39. The illicit acts of the Defendants, described in paragraphs 11-38, *supra*, were done without permission or license from Plaintiffs, and in violation of Plaintiffs' exclusive copyrights in said works.

40. The Defendants have regularly and systematically infringed Plaintiffs' copyrights, and have induced others, including individual homeowners, contractors, and other individuals and entities engaged in the business of residential development, home building, marketing, and/or sales, to infringe Plaintiffs' copyrights, which created profits attributable to Defendants' infringements.

41. Each Defendant, jointly and severally, is liable to Plaintiffs as a contributory copyright infringer for the infringing activity of each and every individual and entity who constructed a residence based upon plans prepared by the Defendants which infringed Plaintiffs' copyright-protected architectural works.

### Vicarious Liability of Principals

42. Because Scott, Brenda, William, and Herbolsheimer, are principals, owners, officers and/or managers of the corporate Defendants, they had knowledge of their infringing activities, and benefited there from by contributing to the real estate development,

management, appraisal, advertising, marketing, sales, and/or other services, in furtherance of the marketing, publishing, sale, and contribution to the construction of said infringing houses.

43. The conduct of the corporate Defendant was performed and accomplished through the direction, control and conduct of Scott, Brenda, William, and/or Herbolsheimer, personally, as owners, officer, directors and/or managers of the corporate Defendant. Scott, Brenda, William, and/or Herbolsheimer had the ability to prevent the corporate Defendant from infringing Plaintiffs' works, and/or to stop the infringements once they began. Additionally, Scott, Brenda, William, and/or Herbolsheimer, received pecuniary benefit from the corporate Defendant's acts of infringement. Accordingly, Scott, Brenda, William, and/or Herbolsheimer are personally liable to Plaintiffs as joint and contributory infringers, or are otherwise vicariously liable.

44. Upon information and belief, Defendants have infringed the copyrights in other original architectural works of the Plaintiffs, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

## Causes of Action for Non-Willful Copyright Infringement
## Count One

45. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

46. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*,

by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Two

47. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

48. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Three

49. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

50. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Four

51. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

52. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Five

53. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

54. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Six

55. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 54, *supra*.

56. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Seven

57. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 54, *supra*.

58. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Eight

59. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 54, *supra*.

60. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully

constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Nine

61. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 54, *supra*.

62. Alternatively, Defendants, willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Ten

63. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 44, *supra*.

64. Alternatively, Defendants, willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 11 through 34, *supra*, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Violations of DMCA § 1202
### Count Eleven

65. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 11 through 54, *supra*. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

66. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted Plaintiffs' copyright management information, or had them removed or omitted from copies of Plaintiffs' works.[1]

67. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

68. At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiffs' copyrights.

---

[1] **Error! Main Document Only.** Within the house plan catalogs purchased by Carhart, and on the licenses provided to it for the works it legitimately licensed, DB clearly and conspicuously provided notice that any and all derivatives must retain the Copyright Management Information. Therefore, distribution of derivatives without Plaintiffs' CMI must have been intentional as required by the DMCA.

69. Plaintiffs are entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq.*

70. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs seek to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For Plaintiffs' actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, and all direct and indirect profits derived from the sale of lumber and building materials attributable to the infringing structures, in an amount to be determined at trial;

D. For the direct and indirect profits of all individuals and entities which Defendants induced to build infringing residences based upon the creation of derivatives by Defendants of Plaintiffs' copyright-protected works.

E.     In the alternative, at Plaintiffs' option, post-verdict, Plaintiffs seek an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

F.     An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

G.     Plaintiffs' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

H.     For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs'' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

I.     An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

J. An order permanently enjoining the current owners of all infringing structures sold or induced to construct by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

K. For such other relief as the Court determines to be just and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THE OMAHA DIVISION OF THE DISTRICT OF NEBRASKA, AND TENDERS THE REQUISITE JURY FEE.

        Respectfully submitted,
        LEJUNE LAW FIRM

By: *s/Dana A. LeJune*
    Texas Bar No.: 12188250
    ATTORNEY FOR PLAINTIFFS
    LaJune Law Firm
    6525 Washington Avenue
    Suite 300
    Houston, TX 77007
    TEL: 713/942.9898
    Fax: 713/942.9899
    Email: dlejune@triallawyers.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

I hereby certify that on January 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: CARHART LUMBER COMPANY; SCOTT BRIAN CARHART; BRENDA KUHLMAN CARHART; WILLIAM C. CARHART; and MICHAEL HERBOLSHEIMER

        *s/Dana A. LeJune*
        Texas Bar No.: 12188250
        ATTORNEY FOR PLAINTIFFS
        LaJune Law Firm
        6525 Washington Avenue
        Suite 300
        Houston, TX 77007
        TEL: 713/942.9898
        Fax: 713/942.9899
        Email: dlejune@triallawyers.net